OPINION
On June 8, 1998, appellee Aultman Hospital filed the instant action in the Canton Municipal Court seeking judgment on an account for $910.55, for medical services provided to appellant John Glasure. According to the complaint, the bill for services rendered was incurred on January 20, 1992, and remained unpaid at the time the complaint was filed. The complaint was filed against appellant John Glasure, as well as his wife, Rita Glasure. On October 13, appellee filed a motion for summary judgment with an attached affidavit. The affidavit averred that appellee provided services to appellant John Glasure in the amount $910.55, plus interest, and that the amount remained unpaid. The court set November 2 as the date on which the motion for summary judgment would be considered. On November 2, appellants notified the court that they had just received notice of the court's intent to rule, and did not have time to respond. The court extended the time to respond to the motion for summary judgment to November 19, and scheduled trial for December 1. After the court granted a motion to compel discovery, appellants filed answers to written interrogatories on November 19, 1998. In these interrogatories, appellant John Glasure claimed that a person named Getz and another person named Rainiere had advised him that the account had been written off. However, he also admitted that he had received no documentation from anyone associated with Aultman Hospital, stating that he had no obligation to pay the bill in question. Appellants did not respond to appellee's motion for summary judgment. On November 25, 1998, the court granted the motion for summary judgment, and entered judgment in favor of appellee in the amount of $910.55. We note at the outset that appellants' brief does not comply with App. R. 16 (A). Nevertheless, we extrapolate the following assignments of error:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR ONE
THE COURT'S JUDGMENT WAS BASED ON FRAUD, AS APPELLEE FRAUDULENTLY STATED ON THE RECORD THAT APPELLANT NEVER FILLED OUT THE FIRST SET OF INTERROGATORIES.
 ASSIGNMENT OF ERROR TWO
APPELLANTS WERE DENIED DUE PROCESS OF LAW BECAUSE THE COURT HELD THE FINAL JUDGMENT ENTRY FOR FIVE DAYS BEFORE MAILING.
 I
Appellants argue that while appellee stated on the record to the court that they never filled out the first set of interrogatories given to them by appellee, appellee later attached these interrogatories to the supplement to its motion for summary judgment. Appellant has not demonstrated that even if appellee made such a misrepresentation to the court, that it affected the judgment in any way. Appellants failed to respond with evidentiary materials to rebut appellee's evidence that appellants failed to pay the account in question. The first assignment of error is overruled.
 II
Appellants argue that they were prejudiced by an alleged failure of the court to mail the judgment entry granting the motion for summary judgment for five days. Appellants claim that when they arrived for trial on December 1, they were informed that the trial was not scheduled. They claimed that they received the judgment on December 5, and the documents were stamped by a postage meter on November 25 and again on November 30. We first note that the record does not demonstrate that the entry was held for five days before mailing. Further, assuming arguendo that the document was held, appellants were not prejudiced, as they had ample time to file a timely appeal. The second assignment of error is overruled.
The judgment of the Canton Municipal Court is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur